IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL A. LOPEZ,<br>    Petitioner,<br><br>v.<br><br>ROBERT COLLINS, et al.,<br><br>    Respondents. | Civil Action No. 12-97 Erie<br><br>Senior District Judge Maurice B. Cohill<br>Magistrate Judge Susan Paradise Baxter |

## MEMORANDUM ORDER

Petitioner, Daniel Lopez ("Lopez"), filed a Petition for Writ of Habeas Corpus [ECF No. 7] alleging various claims related to his jury trial and subsequent appeals stemming from a criminal incident that took place on December 14, 2007. Lopez asserts that the evidence introduced at his trial was insufficient to support a conviction of robbery and that later "he was afforded ineffective assistance of counsel in that appellate counsel failed to address or seek to countermand the efficacy of these findings through argument on appeal, thereby, depriving [Lopez] of an adjudication of the sufficiency of the evidence claim on the merits of that claim." [ECF No. 19, Brief for Appellant in Commonwealth v. Lopez, No 1409 WDA 2011 at 3-4 (Pa.Super., Nov. 1, 2011)). More specifically, he claims that the trial court and the Commonwealth misstated the testimony given by witness Joel Burlingame; that the Superior Court adopted this inaccurate version of the evidence presented by the witness and as a result the Superior Court denied Lopez's insufficiency of evidence on direct appeal.

On or around March 7, 2011, Lopez filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541 et seq. (CP Dkt. No. 28). He argued once again that the evidence at trial was insufficient to convict him and that counsel, Attorney Nicole

1

Sloan, who represented Lopez on direct appeal, was ineffective in the manner in which she litigated the claim.

Attorney William J. Hathaway was appointed to represent Lopez on his PCRA motion and subsequent appeal to the Superior Court. The sufficiency of the evidence claim was considered fully litigated on direct appeal and reconsideration of the claim was denied by the PCRA Court. Attorney Hathaway then proceeded with one claim on appeal to Superior Court: That Lopez "was afforded ineffective assistance of counsel in that defense counsel undermined the challenge to the sufficiency of the evidence claim on direct appeal in failing to challenge the Commonwealth's and the trial court's reference to and assessment of the testimony by Joel Burlingame[.]" Id. The Superior Court denied Lopez's claim finding that he did not satisfy the prongs of the test for ineffective assistance of counsel, but rather contested the jury's decision to believe the Commonwealth's version of the facts, which was not proper grounds for an ineffective assistance of counsel claim. [ECF No. 23 at 18 citing the Superior Court's Memorandum].

Lopez, once again representing himself, has now filed a Petition for Writ of Habeas Corpus [ECF No. 7] under the federal statute applicable to state prisoners (28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, Apr. 24, 1996 ("AEDPA"). In his Petition Lopez claims that there was insufficient evidence to support his robbery conviction and that his direct appeal counsel was ineffective in litigating that claim. Lopez also raises two due process claims: He asserts his due process rights were violated (1) because the trial court and the Commonwealth "falsified" Burlingame's trial testimony, and (2) "the trial court judge read [the] prosecutor's version of the

criminal charges with instructions and prior to deliberation." [ECF No. 7 at 8, 10]. Respondents filed an answer to the Petition [ECF No. 15] to which Lopez filed a Reply [ECF No. 17].

On January 6, 2014, Magistrate Judge Paradise Baxter issued a Report and Recommendation ("R&R") [ECF No. 23] in which she recommended the Petition for Writ of Habeas Corpus be denied and that a Certificate of Appealability be denied. Petitioner was permitted to file objections until January 23, 2014. Petitioner timely filed Objections on January 21, 2014 [ECF No. 24].

In her R& R Judge Baxter recommends that Lopez's claim be denied based on the following:

1. The Superior Court's decision to deny Lopez's claim that there was insufficient evidence to support his robbery conviction was not "unreasonable" under Jackson v. Virginia, 443 U.S. 307 (1979). Furthermore, the Superior Court applied the correct legal standard. Therefore it is recommended that Lopez's claim that there was insufficient evidence to support his robbery conviction must be denied;

2. With regard to Lopez's claim of ineffective assistance of counsel, it is recommended that this claim be denied. Once again the Superior Court applied the correct legal standard in evaluating the claim. Further, under Strickland v. Washington, 466 U.S. 668 (1984), Lopez did not effectively show that Attorney Sloan's representation fell below an objective standard of reasonableness.

3. Finally, it is recommended that Lopez's due process claims be denied because Lopez did not exhaust these due process claims in state court and, therefore, procedurally defaulted them. Further, it is simply not true that Burlingame's trial testimony was falsified.

After *de novo* review of the pleadings and documents in the case, together with the report and recommendation and objections thereto, we adopt Magistrate Judge Baxter's January 6, 2014 Report and Recommendation as the opinion of the Court. We agree with the R&R that under Jackson the trial jury, as fact-finder, could "reasonably" conclude that Lopez was guilty of robbery based on the evidence presented at trial and that the appellate courts applied the correct

3

legal standard in denying Lopez's appeal. We also agree with the R&R that under the test in Strickland, counsel on direct appeal did not so lack in her performance of duties that she fell below an objective standard of reasonableness.

Lopez, in his Objections to Report and Recommendation, specifically asserts that his due process claims are not procedurally defaulted for two reasons: (1) He did argue on his PCRA appeal that the trial court reading the Prosecutors version of the criminal charges with the jury instructions was a denial of due process; and (2) that he has a compelling claim of actual innocence.

With regard to the first noted objection, in Pennsylvania, one must exhaust every federal constitutional claim to the Superior Court either on direct or PCRA appeal. See e.g., Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d. Cir. 2004). While Lopez asserts he raised the issue of the Prosecutor's version of the criminal charges being read to the trial jury, in her R&R, Magistrate Judge Baxter states that "the record in this case establishes that Lopez did not raise to the Superior Court the two due process claims at issue here." [ECF No. 23 at 29]. The Petitioner's unsubstantiated assertion that he raised this particular due process issue cannot be given credit if the record does not reflect what he claims.

With regard to the second noted objection, Lopez can only escape procedural default if he presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995) [ECF No. 23 at 30]. Lopez must present new, reliable evidence that was not presented at trial AND he must show by a preponderance of the evidence "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327 [Id.] Lopez has not presented any

4

novel additional evidence. Lopez's simple assertion of actual innocence without substantiation cannot be credited by this Court.

Therefore, the following Order is entered:

And now to-wit, this 11th day of February 2014, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the Petitioner's Petition for Writ of Habeas Corpus [ECF No. 7] is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED. The Report the Report and Recommendation of Magistrate Judge Baxter dated January 6, 2014 [ECF No. 23] is adopted as the Opinion of the Court. The Clerk shall mark this case **CLOSED**.

Maurice B. Cohill
Senior United States District Court Judge
Western District of Pennsylvania